**WO**                                                                                              MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michael Kevin Bradley,  )  No. CV 06-2490-PHX-SMM (MEA)
                        )
    Plaintiff,          )  **ORDER**
                        )
vs.                     )
                        )
Officer Paul Sipe, et al., )
                        )
    Defendants.         )
                        )

    Plaintiff Michael Kevin Bradley, confined in the Maricopa County Towers Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the action.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

    Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. The Court will assess an initial partial filing fee of $46.61. 28 U.S.C. § 1915(b)(1). The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

. . . .

. . . .

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved" but not if a complaint "lacks merit entirely." Id. at 1129. The Court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts or if it appears at all possible that the defect can be corrected. Id. at 1130. Plaintiff's Complaint will be dismissed without leave to amend because the defects cannot be corrected.

## III. Complaint

In his three-count Complaint, Plaintiff sues City of Mesa Police Department Detective Paul Sipe and the City of Mesa Police Department.

In Count One, Plaintiff alleges that Defendant Sipe committed perjury before the grand jury, committed perjury to obtain a search warrant, and committed perjury regarding extradition. Plaintiff contends this caused him to be charged with numerous crimes for which he is currently incarcerated.

In Count Two, Plaintiff asserts that there was an "illegal seizure of property that cannot[] be proven to be fruits of alleged crimes." He contends that a search warrant "was obtained by false information was also broken by not following [the] exact rules set in writing by the Judge on what was to be taken."

In Count Three, Plaintiff alleges that Defendant Sipe had "malicious intent going above and beyond officer[']s protocol to charge defendant and obtain evidence."

1 In his Request for Relief, Plaintiff seeks to have Defendant Sipe placed on administrative leave pending a formal investigation, dismissal of the charges and evidence in his criminal cases, financial reimbursement for his illegally seized personal property, and reimbursement for his mental distress, for his time spent in incarceration, and for the financial hardship on his grandparents.

## IV. Failure to State a Claim

A prisoner's claim for damages under § 1983 must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Heck also applies to "pending criminal charges," to claims that "if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution," and to a "§ 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based." Harvey v. Waldron, 210 F.3d 1008, 1014-15 (9th Cir. 2000). Moreover, Heck also bars claims of wrongful arrest and malicious prosecution. See Guerrero v. Gates, 442 F.3d 697, 705 (9th Cir. 2006).

Here, Plaintiff alleges prosecution on false charges, illegal search and seizure, and malicious prosecution. He has not alleged that the prosecution against him was favorably terminated or that his conviction or sentence has been reversed, expunged, or otherwise invalidated. His claims, therefore, are barred by Heck and will be dismissed.

## V. Failure to Identify a Constitutional Right

In order to state a claim under § 1983, Plaintiff must show that Defendant's conduct deprived him of a constitutional right. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (*en banc*). Plaintiff has failed to allege a violation of a constitutional right. Thus, the Court will dismiss Plaintiff's Complaint in its entirety for failure to state a claim.

## VI. Failure to Link Defendant with Injuries

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the

1  injury and the conduct of that defendant. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).
2  "[A] municipality can be sued under § 1983, but it cannot be held liable unless a municipal
3  policy or custom caused the constitutional injury." <u>Leatherman v. Tarrant County Narcotics</u>
4  <u>Intelligence and Coordination Unit</u>, 507 U.S. 163, 166 (1993). "A municipality may be liable
5  for actions resulting in violations of constitutional rights only when the conduct of its official
6  or agent is executed pursuant to a government policy or custom." <u>Lewis v. Sacramento</u>
7  <u>County</u>, 98 F.3d 434, 446 (9th Cir. 1996), <u>rev'd on other grounds</u>, 523 U.S. 833 (1998).

8  Plaintiff does not allege that anyone acted in conformity with a policy or custom of
9  the City of Mesa Police Department in violating Plaintiff's constitutional rights.
10 Accordingly, Defendant City of Mesa Police Department must be dismissed.

11 **IT IS ORDERED:**

12 (1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint,
13 is **granted**.

14 (2)  As required by the accompanying Order to the appropriate government agency,
15 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $46.61.

16 (3) The Complaint (Doc. #1) and this action are **dismissed** for failure to state a claim
17 pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court must enter judgment
18 accordingly.

19 (4) The Clerk of Court must make an entry on the docket stating that the dismissal
20 for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

21 DATED this 2nd day of November, 2006.

*[signature]*
Stephen M. McNamee
United States District Judge